IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12–CR-30247-NJR |
| BEN SCOTT, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Ben Scott's *pro se* "Motion for Reduction of Sentence" (Doc. 36). Defendant requests a reduction under Amendment 782 (*Id*.). Amendment 782 modified the drug quantity table in § 2D1.1 and retroactively reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses. This reduction is also referred to as "Drugs Minus Two" and became effective November 1, 2014.

On November 30, 2017, the Court notified the Federal Public Defender's Office of the instant motion, and Assistant Federal Public Defender Thomas Gabel entered his appearance on behalf of Scott that same day (Doc. 38). Mr. Gabel subsequently sought to withdraw on the basis that Scott is ineligible for a sentence reduction under Amendment 782 (Doc. 39). The Court attempted to give Scott an opportunity to respond to Mr.

Gabel's Motion to Withdraw to no avail[1] (*See* Docs. 40 and 41). Nonetheless, the record shows that Scott is not entitled to the requested relief.

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B).

Here, Amendment 782 does not reduce the sentencing range on which Scott's sentence was actually based. Scott was charged with one count of Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(i) (Doc. 1). Scott pleaded guilty to the charge and, at sentencing, the district judge[2] determined that Scott had a total offense level of 23 and a criminal history category of II, which resulted in a guideline range of 51-63 months (Docs. 30 and 35). The mandatory minimum term of imprisonment for Count 1, however, is 10 years (or 120 months), and the district judge ultimately sentenced him to the mandatory minimum (Doc. 31). *See* 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(i). Thus, Scott's sentence was based on

---

[1] Specifically, the Orders entered on November 30, 2017 and December 5, 2017 were mailed to Ben Scott at Moberly Correctional Center in Moberly, Missouri (the return address listed on his original motion) and both mailings were "returned as undeliverable" (*See* Docs. 41 and 42). It appears to the Court, based on a recent filing by Scott, that he was transferred Federal Correctional Complex in Yazoo City, Mississippi but never notified the Court of the transfer and/or his new address (*See* Doc. 44).

[2] Scott's criminal case was handled by District Judge G. Patrick Murphy, who retired in December 2013. The case was transferred to the docket of the undersigned when the Motion for Reduction of Sentence was filed.

the mandatory minimum term provided in the statute, rather than the guideline range. The statutorily required mandatory minimum was not reduced or otherwise affected by Amendment 782. *United States v. Monroe*, 580 F.3d 552, 559 (7th Cir. 2009); *United States v. Poole,* 550 F.3d 676, 679 (7th Cir. 2008), *rev'd on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015). In other words, Scott is not eligible for a sentence reduction under § 3582(c)(2) because Amendment 782 did not lower his guideline range. Accordingly, the Court has no authority to reduce his sentence pursuant to § 3582(c)(2).

For these reasons, Mr. Gabel's Motion to Withdraw (Doc. 39) is **GRANTED**. Defendant Ben Scott's Motion for Reduction of Sentence (Doc. 36) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** March 30, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**