IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:12-CR-30247-NJR-1 |
| BEN SCOTT, | |
| Defendant. | |

## ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Early Termination of Supervised Release filed *pro se* by Defendant Ben Scott. (Doc. 66). Scott seeks early termination of his eight-year period of supervised release after serving over two years of the term. (*See* Docs. 66, 68). The Government and United States Probation Office oppose the motion. (Doc. 68).

Under 18 U.S.C. § 3583(e)(1), "[t]he court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"

Here, Scott has served more than one year of his term of supervised release which began in October 2021. (Doc. 69). He was originally sentenced to a 120-month term of imprisonment and eight years of supervised release. (Doc. 34). Scott reports that he has remained employed and productive on supervised release, even self-publishing three books.

(Doc. 66). He also points to his efforts in therapy and volunteering with troubled youth. (*Id.*). Scott seeks early termination of his supervised release for better job prospects and to take care of his mother. (*Id.*).

The Government argues against early termination of supervised release. According to the Probation Office in the Eastern District of Texas (where Scott is under supervision), Scott violated his conditions of release by leaving the Eastern District of Texas and traveling to the State of Georgia without permission. (Doc. 69). Scott admitted to this violation. (*Id.*). The Government states that, while Scott previously fell behind on ordered payments, he has now satisfied all imposed financial obligations in connection with his criminal sentence. (*Id.*). After Scott filed his motion and the Government filed its response, another noncompliance report was filed against Scott for a positive urine sample. (Doc. 70).

After considering Scott's motion, the 18 U.S.C. § 3553(a) factors, the Government's and Probation Office's opposition to the motion, and the most recent incident of noncompliance, the Court finds that early termination of Scott's supervised release is not warranted at this time.

Accordingly, the Motion for Early Termination of Supervised Release filed by Defendant Ben Scott (Doc. 66) is **DENIED**. This motion is denied without prejudice, meaning that Scott can refile a similar motion at a later date. The Court directs Scott to refile the motion after demonstrating six consecutive months of full compliance.

**IT IS SO ORDERED.**

DATED: April 25, 2024

                                                        */s/ Nancy J. Rosenstengel*
                                                      **NANCY J. ROSENSTENGEL**
                                                      **Chief U.S. District Judge**